**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**DANIEL BARNETT**                                                                                           **PLAINTIFF**

**v.**                                           **CASE NO. 4:05-CV-1328 GTE**

**HERBERT KOHLER, and
KOHLER COMPANY**                                                                          **DEFENDANTS**

## ORDER ON MOTION TO DISMISS

Presently before the Court is Separate Defendant Herbert Kohler's Motion to Dismiss for lack of personal jurisdiction. Defendant Kohler argues that Defendant Kohler had no contacts with Arkansas in his individual capacity, and that the contacts of Kohler Company cannot be imputed to Defendant Kohler under the fiduciary shield doctrine.

*Fiduciary Shield Doctrine*

"The fiduciary (or 'corporate') shield doctrine provides that individuals performing acts in a state in their corporate capacity are not subject to the personal jurisdiction of the courts of that state for those acts." *Torchmark Corp. v. Rice*, 945 F.Supp. 172, 176 (E.D.Ark. 1996) (Roy, J.). This doctrine is a creature of state law. In applying the constitutional due process analysis for personal jurisdiction, the United States Supreme Court declined to consider any fiduciary shield defense and measured only the contacts of the individuals concerned. *See Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 1487 (1984) ("Petitioners are correct that their contacts with California are not to be judged according to their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State

must be assessed individually.").

Accordingly, courts have considered the fiduciary shield doctrine when applying state long-arm statutes, but rejected the doctrine where the long-arm statute is coextensive with the due process clause of the United States Constitution. *See*, *e.g.*, *Charter Communications VI, LLC v. Eleazer*, 398 F. Supp. 2d 502, 505 (S.D.W.Va. 2005) ("In the Fourth Circuit, to the extent that a forum state's long-arm statute is "coextensive with the full reach of due process," fiduciary shield documents like the one alleged by Eleazer are unavailable."); *Davis v. Metro Productions, Inc.*, 885 F.2d 515, 522 (9th Cir. 1989) ("Arizona's long-arm statute may, consistent with constitutional due process, allow assertion of personal jurisdiction over officers of a corporation as long as the court finds those officers to have sufficient minimum contacts with Arizona."); *see also Johnson v. Woodcock*, --- F.3d ----, 2006 WL 250245 at *1 (8th Cir. February 03, 2006) ("Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process."); *ePlus Technology, Inc. v. Aboud*, 313 F.3d 166, 177 (4th Cir. 2002) ("Therefore, the court's exercise of jurisdiction was proper if Aboud had sufficient contacts with Virginia, even if those contacts were made ostensibly on behalf of [the company].").

Indeed, in the *Torchmark* case, this District followed the above reasoning in applying the Arkansas long-arm statute,[1] and rejected the fiduciary shield doctrine:

> In any event, it is this Court's opinion that whether the "fiduciary shield doctrine" (or the "corporate shield doctrine," or a rose by any other name) ever was a part of Arkansas law, either before or after *Ripplemeyer*, has been rendered moot by the General Assembly's adoption of the recent amendment of the long-arm statute (Acts of Arkansas 1995, No. 486), which broadened its reach to the full extent

---

[1] "The courts of this state shall have personal jurisdiction of all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process of law clause of the Fourteenth Amendment of the United States Constitution." Ark. Code Ann. § 16-4-101(B).

>> permitted by federal law, i.e., the Fourteenth Amendment. In other words, to the extent that the fiduciary shield doctrine may have been a state imposed limitation on the Arkansas long-arm statute, that limitation, along with all others, has been removed by the legislature.

945 F.Supp. at 176. The Court finds the *Torchmark* opinion well reasoned and reaches the same conclusion. As the Arkansas long-arm statute confers personal jurisdiction where constitutionally permitted by due process, the Court concludes that the fiduciary shield doctrine does not serve as a due process limitation on the Court's jurisdiction. The sole consideration here is whether due process permits the exercise of personal jurisdiction over Defendant Kohler. *See Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070 (8th Cir. 2004) ("Because the long-arm statute of Arkansas confers jurisdiction to the fullest constitutional extent, our inquiry is limited to whether the exercise of personal jurisdiction comports with due process.").

Defendant refers to the Eighth Circuit case, *Arkansas Rice Growers Co-op. Ass'n v. Alchemy Industries, Inc.*, in which the Court of Appeals opined, "The law is clear that a corporate officer or agent who has contact with the forum state only with regard to the performance of corporate duties does not thereby become subject to jurisdiction in his or her individual capacity." 797 F.2d 565, 574 (1986). The Eighth Circuit considered an appeal of a determination by this Court that the individual defendants were liable under a guarantee contract. In *Arkansas Rice Growers*, twenty-four shareholders of the defendant corporation personally guaranteed a construction contract. During the negotiations of the construction contract, three of the guarantors came to Arkansas. This Court ruled that the individual shareholders had sufficient contacts with Arkansas, finding that there was virtual identity among the guarantors and the defendant corporation, that the plaintiff had relied on the personal guarantees in entering into the contract, and that the three guarantors came to Arkansas as agents of the remaining guarantors. The Eighth Circuit reversed this ruling, holding that "the guarantors had insufficient contact with the forum state to subject them to personal jurisdiction in

- 3 -

Arkansas" because, *inter alia*: (i) there was a lack of identity between the corporation and the guarantors; (ii) the three guarantors who came to Arkansas did not act as agents for the other guarantors; and (iii) the plaintiff relied on the financial statements of only nine of the guarantors. *Arkansas Rice Growers*, 797 F.2d at 574.

First, the Court notes that the Eighth Circuit rendered the *Arkansas Rice Growers* opinion nine years prior to the Arkansas legislature changed the text of the long-arm statute.[2] Second, the Circuit Court did not declare an absolute bar against exercising personal jurisdiction over a corporate agent. The *Arkansas Rice Growers* court recognized that personal jurisdiction over corporate agents may be permissible where the agent is personally involved in the corporation's transactions, as opposed to acting merely as a passive investor: "Moreover, there is no evidence to suggest that these three guarantors 'personally interjected' themselves into the negotiations between Riceland and Structural or Alchemy, a situation in which some courts have asserted personal jurisdiction over a nonresident guarantor who was also an officer or agent of the debtor corporation." 797 F.2d at 574. The Court concludes that even if the *Arkansas Rice Growers* holding was applied here, personal jurisdiction over Defendant Kohler would be upheld, notwithstanding the fiduciary shield doctrine, so long as he had sufficient contacts with Arkansas to pass constitutional muster.

***Personal Jurisdiction***

Due process requires that a court may exercise personal jurisdiction over a nonresident so long as there are "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v.*

---

[2] Prior to 1995, the Arkansas long-arm statute was as follows: "A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a (cause of action) (claim for relief) arising from the person's: (a) Transacting any business in this state." In 1995, the legislature changed the statute to read as quoted *supra* fn. 1.

*Washington*, 326 U.S. 310, 316, 66 S.Ct. 154 (1945) (*quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339 (1940)). The conduct of the nonresident defendant must establish a connection with the forum state "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 287, 100 S.Ct. 559, 562 (1980). The United States Supreme Court also outlined two types of personal jurisdiction: specific and general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15, 104 S.Ct. 1868 (1984). "Specific jurisdiction can only be found if the controversy is 'related to or 'arises out of'' the defendant's contacts with the forum state. General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action." *Johnson v. Woodcock*, --- F.3d ----, 2006 WL 250245 at *2 (8th Cir. February 03, 2006) (*quoting Helicopteros,* 466 U.S. at 415, 104 S.Ct. 1868).

The Eighth Circuit has instructed courts to weigh five factors in a personal jurisdiction inquiry: "'(1) the nature and quality of [a defendant's] contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5)[the] convenience of the parties.'" *Dever*, 380 F.3d at 1073-74 (*quoting Burlington Indus., Inc. v. Maples Indus., Inc.*, 97 F.3d 1100, 1102 (8th Cir.1996)).

Defendant Herbert Kohler states by affidavit that he: (i) is a resident of Wisconsin; (ii) is the president and chief executive officer of Kohler Company; (iii) owns no real property in Arkansas; (iv) negotiated for the purchase of Wildlife Farms, Inc. in his capacity as president and CEO of Kohler Company; (v) never represented that the purchase of Wildlife Farms was in his individual capacity; (vi) made two trips to Arkansas on August 17 and August 27, 2005; and (vii) never took possession of Wildlife Farms.

Mr. Kohler's participation as a corporate buyer of the Wildlife Farms property is sufficient conduct within Arkansas to find that he purposefully availed himself of the protections and benefits of Arkansas. This conduct would have foreseeable consequences in Arkansas such that Mr. Kohler would reasonably anticipate being haled into an Arkansas court for litigation associated with the anticipated real estate purchase. These circumstances establish a substantial connection with the forum state, making the exercise of jurisdiction over Defendant Kohler reasonable. Therefore, the Court concludes that Defendant Kohler has sufficient minimum contacts with Arkansas, and the exercise of specific jurisdiction over Defendant Kohler would not offend "traditional notions of fair play and substantial justice."[3]

IT IS THEREFORE ORDERED that the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Herbert Kohler (Dkt. #5) be, and it is hereby, DENIED.

Dated this 3rd day of March, 2006.

    _/s/Garnett Thomas Eisele_____
    UNITED STATES DISTRICT JUDGE

---

[3] The Court's ruling expresses no opinion as to whether the Complaint has alleged a colorable claim to hold Defendant Herbert Kohler personally liable to Plaintiff. The Court resolves such questions, only if raised by an appropriate dispositive motion.